**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York (State)

Case number (*If known*): _____ Chapter ____

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | New Cotai Capital Corp. |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 98-1103641 |
| 4. | **Debtor's address** | **Principal place of business** Two Greenwich Plaza, First Floor Number   Street  Greenwich, CT   06830 City   State   ZIP Code  Fairfield County County | **Mailing address, if different from principal place of business**  Number   Street  P.O. Box  City   State   ZIP Code  **Location of principal assets, if different from principal place of business**  Number   Street  City   State   ZIP Code |
| 5. | **Debtor's website** (URL) | N/A |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  ☐ Partnership (excluding LLP)  ☐ Other. Specify: |

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above.

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)[1]
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5 2 3 9

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes. District _____ When __/__/____ Case number _____
           District _____ When __/__/____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes. Debtor **see attached Annex 1**  Relationship **Affiliate Debtor**
        District **Southern District of New York**  When **Date hereof**
        Case number, if known _____

---

[1] Debtor is exempt from registration as an Investment Company pursuant to Section 3(c)(7) of the Investment Company Act of 1940.

Official Form 201  Voluntary Petition for Non-Individuals Filing for Bankruptcy  page 2

Debtor  New Cotai Capital Corp.  Case number *(if known)*  
     Name

19-22913-rdd    Doc 1    Filed 05/01/19    Entered 05/01/19 17:37:59    Main Document
                                     Pg 3 of 20

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____  
Number     Street

_____  
City     State     ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

    Contact name _____

    Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49  
☐ 50-99  
☐ 100-199  
☐ 200-999  
☐ 1,000-5,000  
☐ 5,001-10,000  
☐ 10,001-25,000  
☐ 25,001-50,000  
☐ 50,001-100,000  
☐ More than 100,000

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million[2] | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☒ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/01/2019
              MM / DD / YYYY

✗  */s/ David Reganato*                           David Reganato
   Signature of authorized representative of debtor     Printed name

Title  Authorized Signatory

**18. Signature of attorney**

✗  */s/ Jay M. Goffman*                           Date  05/01/2019
   Signature of attorney for debtor                     MM / DD / YYYY

Jay M. Goffman
Printed name

Skadden, Arps, Slate, Meagher & Flom LLP
Firm name

Four Times Square
Number     Street

New York              NY         10036
City                  State      Zip Code

(212) 735-3000                              jay.goffman@skadden.com
Contact phone                               Email address

1911239                                     NY
Bar number                                  State

---

[2] "Estimated assets" amount determined in accordance with U.S. GAAP and does not necessarily represent the amount that may ultimately be realized on account of such assets.

## Annex 1

## SCHEDULE OF DEBTORS

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code. Substantially contemporaneously with the filing of these petitions, these entities filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

|    | **Debtor**              | **Employer Identification Number (EIN)** |
|----|-------------------------|------------------------------------------|
| 1. | New Cotai Ventures, LLC | 20-4729385                               |
| 2. | New Cotai Holdings, LLC | 20-4573056                               |
| 3. | New Cotai, LLC          | 20-4592582                               |
| 4. | New Cotai Capital Corp. | 98-1103641                               |

| **Fill in this information to identify the case:** | | | |
|---|---|---|---|
| Debtor name | New Cotai Holdings, LLC, *et al.* | | |
| United States Bankruptcy Court for the: | Southern | District of | New York |
| | | | (State) |
| Case number (If known): | | | |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders   12/15

Set forth below is a list of creditors holding the twenty (20) largest unsecured claims against the Debtors, as of April 29, 2019. This list has been prepared on a consolidated basis, based upon the books and records of the Debtors, and in accordance with Bankruptcy Rule 1007(d), for filing in the Debtors' chapter 11 cases. This list does not include (1) persons who come within the definition of "insider" set forth in section 101 of the Bankruptcy Code, (2) secured creditors, or (3) claims held by the Debtors' employees.

The information presented in the list below shall not constitute an admission of liability by, nor is binding on, the Debtors and the failure to list a claim as contingent, disputed or subject to set off shall not be a waiver of any of the Debtors' rights relating thereto.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1. | Wells Fargo Bank, National Association, as Indenture Trustee to the 10.625% Senior Pay-In-Kind Notes due 2019 | Wells Fargo Bank, National Association 707 Wilshire Boulevard, 17th Floor Los Angeles, CA 90017  Attention: Corporate Trust Department, Barry Somrock Phone: 612-667-8485 Fax: (213) 614-3355 Email: barry.d.somrock@wellsfargo.com | 10.625% Senior Pay-In-Kind Notes due 2019 | | | | $856,000,000 |
| 2. | PricewaterhouseCoopers LLP | PricewaterhouseCoopers LLP P.O. Box 7247-8001, Philadelphia, PA 19170-8001  Attention: Anthony Arrigo Phone: 646-471-0156 Email: anthony.arrigo@pwc.com | Professional Services | | | | $127,500 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    page 1

Debtor <u>New Cotai Holdings, LLC, *et al.*</u>    Case Number (*if known*) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 3. | SS&C Technologies, Inc. | SS&C Technologies, Inc.<br>One South Road, Harrison, NY 10528<br><br>Attention: Billing Department<br>Phone: 914-670-3600<br>Fax: 914-670-3607<br>Email: Billing.Citi@sscinc.com | Professional Services | | | | $56,541.13 |
| 4. | Kekst and Company Incorporated | Kekst and Company Incorporated<br>437 Madison Avenue 37th Floor, New York, NY 10022<br><br>Attention: NYC Accounting Department<br>Phone: 212-521-4800<br>Fax: 212-521-4900<br>Email: accounting.nyc@kekstcnc.com | Professional Services | | | | $15,372.23 |
| 5. | Union Gaming Securities LLC | Union Gaming Securities LLC<br>3930 Howard Hughes Pkwy, Ste 230 Las Vegas, NV 89169<br><br>Attention: Mike Glynn<br>Phone: 702-866-0749<br>Email: mike.glynn.uniongaming.com | Professional Services | | | | $10,000.00 |
| 6. | Conyers Dill and Pearman - HK | Conyers Dill and Pearman – HK<br>29th Floor One Exchange Square, 8 Connaught Place, Central, Hong Kong<br><br>Attention: David Lamb<br>Phone: 852-2524-7106<br>Fax: 852-2845-9268<br>Email: David.Lamb@conyersdill.com | Professional Services | | | | $7,989.20 |
| 7. | Ropes & Gray, LLP | Ropes & Gray, LLP<br>800 Boylston Street, Boston, MA, 02199-3600<br><br>Attention: P. Welsh<br>Phone: 617-951-7865<br>Fax: 617-951-7050<br>Email: pwelsh@ropesgray.com | Professional Services | | | | $7,427.23 |
| 8. | Wells Fargo Bank | Wells Fargo Bank<br>WF 8113 P.O. Box 1450, Minneapolis, MN 55485-8113<br><br>Attention: Barry Somrock<br>Phone: 612-667-8485<br>Email: barry.d.somrock@wellsfargo.com | Professional Services | | | | $7,100.00 |

Debtor **New Cotai Holdings, LLC,** *et al.*                     Case Number (*if known*) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 9. | Walkers | Walkers<br>190 Elgin Avenue, George Town, Grand Cayman KY1-9001, Cayman Islands<br><br>Attention: Kimberly Ebanks<br>Phone: 345-949-0100<br>Fax: 345-949-7886<br>Email: Kimberley.Ebanks@walkersglobal.com | Professional Services | | | | $6,555.84 |
| 10. | CorpM Limited | CorpM Limited<br>Avenida da Praia Grande, 409, China Law Building, 21/F and 23/F A-B, Macau<br><br>Attention: Rui Pinto Proenca<br>Phone: 853-2833-3332<br>Fax: 853-2833-3331<br>Email: rpp@mdme.com.mo | Professional Services | | | | $6,223.30 |
| 11. | 2NT8 Limited | 2NT8 Limited<br>4/F Wai Lam House, 12 Lan Kwai Fong, Central, Hong Kong<br><br>Attention: Alidad Tash<br>Phone: 852-5196-2211<br>Email: alidad@2nt8.com | Professional Services | | | | $5,000.00 |
| 12. | Intralinks, Inc. | Intralinks, Inc.<br>1372 Broadway, 11th Floor, New York, NY 10018<br><br>Attention: Billing Department<br>Phone: 212-342-7676<br>Email: Billing@Intralinks.com | Trade Debt | | | | $4,500.00 |
| 13. | Richards Kibbe & Orbe LLP | Richards Kibbe & Orbe LLP<br>200 Liberty Street, New York, NY 10281-1003<br><br>Attention: C. Mueller<br>Phone: 212-530-1800<br>Fax: 212-530-1801<br>Email: cmueller@rkollp.com | Professional Services | | | | $3,021.75 |
| 14. | DF King & Co., Inc. | DF King & Co., Inc.<br>48 Wall Street 22 Floor, New York, NY 10005<br><br>Attention: DFK Accounts Receivable<br>Phone: 212-269-5550<br>Email: DFKAccountsReceivable@astfinancial.com | Professional Services | | | | $2,968.78 |

Debtor **New Cotai Holdings, LLC**, *et al.*    Case Number (*if known*) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 15. | Ernst & Young US LLP | Ernst & Young US LLP<br>200 Plaza Drive, Secaucus, NJ 07094<br><br>Attention: Alexander Soures<br>Phone: 212-773-2584<br>Fax: 866-240-5838<br>Email: alexander.soures@ey.com | Professional Services | | | | $2,294.00 |
| 16. | Iron Mountain | Iron Mountain<br>1000 Campus Drive, Collegeville, PA 19426<br><br>Attention: Customer Service<br>Phone: 800-934-3453<br>Email: askcustomerservice@ironmountain.com | Professional Services | | | | $1,030.56 |
| 17. | Hogan Lovells US LLP | Hogan Lovells US LLP<br>Columbia Square 555 Thirteenth Street NW, Washington, DC 20004-1109<br><br>Attention: Bibi Majeed<br>Phone: 202-637-5600<br>Fax: 202-637-5910<br>Email: bibi.majeed@hoganlovells.com | Professional Services | | | | $769.47 |
| 18. | Verizon Wireless | Verizon Wireless<br>P.O. Box 489<br>Newark, NJ 07101-0489<br>Phone: 800-922-0204 | Trade Debt | | | | $61.15 |
| 19. | Vonage Business | Vonage Business<br>P.O. Box 392415<br>Pittsburgh, PA 15252-9415 | Trade Debt | | | | $49.32 |
| 20. | Verizon | Verizon<br>P.O. BOX 15124, Albany, NY 12212-5124<br><br>Attention: Customer Service<br>Phone: 800-897-4966 | Trade Debt | | | | $45.72 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**    page 4

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
Mark A. McDermott
Evan A. Hill
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Proposed Counsel to Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **NEW COTAI HOLDINGS, LLC,** *et al.*, | **Case No. 19-[●] ([●])** |
| Debtors.[1] | **(Joint Administration Pending)** |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York, New Cotai Holdings, LLC, and certain of its affiliates (collectively, the "**Debtors**," the "**Company**," or "**New Cotai**"), as debtors and debtors in possession in the above-captioned chapter 11 cases, respectfully represent that as of the Petition Date:

1. None of the Debtors are publicly traded corporations.

2. SPC Cotai Investment, LLC owns 78% of the membership units in New Cotai Ventures, LLC.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: New Cotai Holdings, LLC (3056); New Cotai, LLC (2582); New Cotai Capital Corp. (3641); New Cotai Ventures, LLC (9385). The Debtors' corporate address is c/o New Cotai, LLC, Two Greenwich Plaza, Greenwich, Connecticut 06830.

2

3. New Cotai Ventures, LLC owns 92.6% of the common units and 98.8% of the class preferred A units in New Cotai Holdings, LLC.

4. New Cotai Holdings, LLC owns 100% of the interests in New Cotai, LLC.

5. New Cotai, LLC owns 100% of the shares in New Cotai Capital Corp.

| Fill in this information to identify the case: |
|---|
| Debtor name: New Cotai Holdings, LLC, *et al.* |
| United States Bankruptcy Court for the: Southern District of New York (State) |
| Case number (If known): |

☐ Check if this is an amended filing

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ *Amended Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration  Consolidated Corporate Ownership Statement  .

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 1, 2019          **x** /s/ David Reganato
                                 Signature of individual signing on behalf of debtor

                                 David Reganato
                                 Printed name
                                 Authorized Signatory
                                 Position or relationship to debtor

# United States Bankruptcy Court
# Southern District of New York

In re: New Cotai Capital Corp.   Case No. _____

Debtor(s)

Chapter   11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtors' equity security holders which is prepared in accordance with rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure for filing in this Chapter 11 Case.

| Name and last known address or place of business of holder | Number of Securities |
|---|---|
| New Cotai, LLC<br>Two Greenwich Plaza, First Floor<br>Greenwich, CT 06830 | 100% Sole Shareholder |



# ACTION BY UNANIMOUS WRITTEN CONSENT
# OF
# RESOLUTIONS OF THE BOARD OF DIRECTORS
# OF
# NEW COTAI CAPITAL CORP.

*(incorporated in the British Virgin Islands with limited liability)*

**(the "Company")**

The undersigned, being all of the members of the Board of Directors (the "Board"), acting by written consent without a meeting of the directors of the Company do hereby unanimously consent to the adoption of the following resolutions as resolutions of the Company:

**WHEREAS**, the Board of the Company, a BVI business company limited by shares, does hereby consent to the taking of the following actions and does hereby adopt the resolutions set out below;

**WHEREAS**, the Board has considered presentations by the representatives of, and the financial and legal advisors to, the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's assets, creditors, and other parties in interest;

**WHEREAS**, the Board has had the opportunity to consult with the Company's representatives, and financial and legal advisors and other professionals, and fully consider each of the strategic alternatives available to the Company;

**WHEREAS**, based on its review of all available alternatives and advice provided by such advisors and professionals, the Board has determined that it is in the best interest of the Company, in conjunction with its direct and indirect parent companies, New Cotai, LLC, a Delaware limited liability company, New Cotai Holdings, LLC, a Delaware limited liability company and New Cotai Ventures LLC, a New York limited liability company (the "Parent Companies"), for the Company to take the actions specified in the following resolutions;

## Chapter 11 Filing

**WHEREAS**, the Board has been presented with a proposed voluntary petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code (the "Petition") to be filed by the Company in the United Stated Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought;

**WHEREAS**, the Board, having considered the Company's assets and financial position and the best course of action to maximize value, deem it advisable and in the best interests of the Company, its creditors, and other interested parties that the Petition be filed by the Company;

**NOW, THEREFORE, BE IT**

**RESOLVED**, that in the judgment of the Board it is desirable and in the best interests of the Company and its creditors, that the Petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such Petition is authorized hereby; and it is further

**RESOLVED**, that the directors and officers of the Company, or any one of them (collectively, the "Officers") be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of the Company, to execute and verify the Petitions as well as any other documents, schedules, motions, lists, applications, pleadings, orders and other filings, including any additional petitions or filings that the Company or the Officers determine to execute, verify and file on behalf of the Company (or to the extent relevant any of the Parent Companies (collectively, the "Chapter 11 Filings") (with such changes therein and additions thereto as any such Officer may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Officer with any changes thereto to be conclusive evidence that any such Officer deemed such changes to meet such standard), to cause the Petitions and the Chapter 11 Filings to be filed with the Bankruptcy Court, and to take and perform any and all further acts and deeds that such Officer deems necessary, appropriate, or desirable in connection with the Bankruptcy Case, including, without limitation, the payment of fees, expenses and taxes such Officer deems necessary, appropriate, or desirable.

**Debtor-in-Possession Financing**

**WHEREAS**, that in connection with the Bankruptcy Case, it is desirable and in the best interests of the Company, its creditors, and other parties in interest to enter into a Credit Agreement dated on or about May 1, 2019 (the "DIP Credit Agreement") by and among the Company and the Parent Companies as borrowers and guarantors (as applicable), Silver Point Finance, LLC, as administrative and collateral agent, and SPCP Group, LLC (the "Initial DIP Lender"), as the initial lender, pursuant to which the Initial DIP Lender has agreed to provide the Company with post-petition debtor-in-possession financing;

**NOW, THEREFORE, BE IT**

**RESOLVED**, that the Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Credit Agreement, including entering into any additional definitive documentation providing for the borrowing of loans, guaranteeing of obligations, granting of security and the pledging of collateral; and be it further

**RESOLVED**, that the Officers of the Company be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of the Company, to cause the Company to negotiate, execute and deliver the DIP Credit Agreement and the related documents contemplated thereby, in such form and with such changes or amendments (substantial or otherwise) thereto as any one or more of such Officers shall

approve as necessary or desirable, in order to consummate the transactions contemplated by the DIP Credit Agreement; and be it further

**RESOLVED**, that the Officers of the Company be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of the Company, to take all such further actions which shall, in such Officer's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Credit Agreement and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

**Retention of Advisors and Appointment of Independent Manager**

**WHEREAS**, that in connection with the Bankruptcy Case, it is desirable and in the best interests of the Company, its creditors, and other parties in interest for the Company to retain advisors, including professionals and independent fiduciaries, and to take appropriate action to secure all necessary approvals for the retention and compensation of such advisors in accordance with engagement agreements relating to their respective services;

**NOW, THEREFORE, BE IT**

**RESOLVED**, that the Officers of the Company be, and each of them hereby is empowered, authorized and directed to continue to retain, on behalf of the Company and in its name, the law firms of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden Arps") as bankruptcy counsel and Conyers Dill & Pearman as BVI counsel, to render general legal advice and in the event that the Company files the Petitions, to represent the Company in connection with such proceedings and all other related matters in connection therewith, on such terms as the Officers of the Company, and each of them, may or shall approve and/or have previously approved; and be it further

**RESOLVED**, that the Officers of the Company be, and each of them hereby is empowered, authorized and directed to continue to retain, on behalf of the Company and in its name, (i) Houlihan Lokey Capital, Inc. ("Houlihan") to serve as financial advisor to the Company, and (ii) Prime Clerk LLC ("Prime Clerk") to provide consulting services to the Company regarding noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, and any other services agreed to by the parties; and be it further

**RESOLVED**, that the Officers of the Company be, and each of them hereby is, empowered, authorized and directed, on behalf of and in the name of the Company to continue the employment and retention of professionals in the ordinary course as long as they deem appropriate and in the Bankruptcy Case to retain and employ other attorneys, accountants, and other professionals to assist in the Company's Bankruptcy Case on such terms as are deemed necessary, proper, or desirable; and be it further

**RESOLVED**, that the Officers of the Company be, and each of them hereby is, authorized and directed to execute any appropriate engagement letters and agreements and such other documents necessary to retain Skadden Arps, Conyers Dill & Pearman, Houlihan, Prime Clerk, and any other or additional financial advisors, investment bankers, accountants, auditors,

3

advisors, legal counsel, and other professionals not specifically identified herein (the "Professionals"), and to cause the Company to pay appropriate retainers to such Professionals prior to the filing of the Bankruptcy Case or after to the extent appropriate and permitted in the Bankruptcy Case, and to cause to be filed appropriate applications or motions seeking authority to retain and pay for the services of such Professionals; and it is further

**General Resolutions**

**RESOLVED**, that the Officers of the Company be, and each of them hereby is, empowered and authorized, and directed, on behalf of and in the name of the Company, to take, from time to time, any and all such action and to execute and deliver from time to time any and all such agreements, amendments, instruments, requests, receipts, applications, reports, certificates and other documents, and to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers and documents necessary or desirable in connection with the Bankruptcy Case, and to take any and all action deemed necessary, proper, or desirable in connection with the Bankruptcy Case, to carry out and perform the purposes of these resolutions, and the execution of such documents and taking of such action shall be conclusive evidence of the necessity or desirability thereof; and be it further

**RESOLVED**, that the omission from these Resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in these Resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in these Resolutions shall in no manner derogate from the authority of the Officers of the Company, to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, these Resolutions; and be it further

**RESOLVED**, that any and all actions lawfully done for and on behalf and in the name of the Company by any Officer or Professional engaged by the Company in connection with the Bankruptcy Case with respect to any transactions contemplated by these Resolutions before or after their adoption be, and they hereby are, ratified, authorized, approved, adopted in good faith and consented to in all respects for all purposes.

[*The remainder of this page is intentionally left blank.*]

4

       IN WITNESS WHEREOF, the undersigned have executed this written consent as of the 1st day of May, 2019.

*/s/ David Reganato*
_____
David Reganato


_____
John Brecker

AP_Legal – 105077411.1

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the 1st day of May, 2019.

_____
David Reganato

_____*[signature]*_____
John Brecker